JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS—44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SABRE, INC.

## DEFENDANTS

AIR CANADA, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   **TARRANT**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
GIBSON DUNN & CRUTCHER LLP
2100 McKinney, Suite 1100
Dallas, Texas  75201

ATTORNEYS (IF KNOWN)

**3-02CV2016-L**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Section 1332. Breach of Contract by Defendant

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
September 17, 2002

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SEP 1 7 2002

SABRE INC.,

          Plaintiff,

v.

AIR CANADA INC.,

          Defendant.

# 3 - 0 2 C V 2 0 1 6 - L

CIVIL ACTION NO. _____

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Sabre Inc. ("Sabre") hereby files this Complaint against Air Canada, Inc. and in support thereof states as follows:

### THE PARTIES

1.      Plaintiff Sabre is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3150 Sabre Drive, Southlake, Tarrant County, Texas 76092.

2.      Defendant Air Canada, Inc. ("Air Canada") is a corporation organized and existing under the laws of Canada with its principal place of business and home office at Air Canada Centre, 7373 Cote-Vertu Blvd. West, Saint Laurent (Montreal) H4Y 1H4, Quebec, Canada. Air Canada is not registered to do business in the State of Texas, although it does business in the State of Texas, including, but not limited to, operating air carrier services from Dallas/Fort Worth International Airport. Pursuant to the contract at issue in this dispute, Air Canada has agreed and consented to jurisdiction in the State of Texas in any dispute arising out of the contract.

## JURISDICTION AND VENUE

3.      Plaintiff is a citizen of the State of Texas and Defendant is a citizen of Canada.  The amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

4.      This Complaint may be served upon Air Canada by and through service upon the Texas Secretary of State, as authorized by Fed. R. Civ. P. 4(h) and TEX. CIV. PRAC. & REM. CODE § 17.044(b).  The Texas Secretary of State can serve Air Canada via International Registered Mail at Air Canada's home office, Air Canada Centre, 7373 Cote-Vertu Blvd. West, Saint Laurent (Montreal), Quebec H4Y 1H4.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6.      Sabre, among other things, owns and operates a state-of-the-art global distribution system ("GDS") used for air transportation, hotel, car rental and other travel-related services.  Sabre markets the Sabre GDS to tens of thousands of subscribers worldwide.  These entities – typically, travel agencies – use the Sabre GDS to, among other things, review travel availability for, make reservations on, and issue tickets for travel on participating foreign and domestic air carriers, which contract to participate in the Sabre GDS and to pay Sabre a fee for each booking made through the Sabre GDS.

7.      Prior to July 2, 1996, the SABRE Travel Information Network ("STIN"), then a division of American Airlines, Inc. ("American"), together with other affiliated companies, owned and operated the Sabre GDS.

8.      On July 2, 1996, STIN and other affiliated entities were consolidated into Sabre.  Additionally, on July 2, 1996, American assigned and transferred its interests, rights, and obligations in contracts with participating carriers, such as Air Canada, to Sabre.

9.     On or about July 31, 1990, Sabre and Air Canada entered into a Participating Carrier Distribution and Services Agreement, as amended from time to time thereafter ("the Participating Carrier Agreement"). Pursuant to various provisions in the Participating Carrier Agreement, Air Canada is required to provide schedule, fare and other data to travel agents and others who subscribe to Sabre so that reservations on Air Canada can be made through the Sabre GDS. Air Canada, in turn, is required to pay Sabre a fee for each reservation or "Booking" made through Sabre on its behalf.

10.     Air Canada has failed to allow Sabre subscribers to book reservations for some of its flights, in breach of the Participating Carrier Agreement.

11.     At all relevant times, Sabre has faithfully and fully performed its obligations under the Participating Carrier Agreement. All conditions precedent to the filing of the claims in this lawsuit and Sabre's entitlement to and recovery of damages from Air Canada has been performed by Sabre.

## COUNT ONE
### (Breach Of Contract, Debt)

12.     Plaintiff realleges and incorporates by reference paragraphs 1 through 10.

13.     At all relevant times, the Participating Carrier Agreement was a validly executed and enforceable agreement between Sabre and Air Canada.

14.     Air Canada has not performed its obligations under and has materially breached the Participating Carrier Agreement.

15.     As a consequence of Air Canada's breach of the Participating Carrier Agreement, Sabre has suffered substantial direct and consequential damages and is entitled to recover its damages, together with all applicable interest, in an amount to be determined at trial.

16.     As a consequence of Air Canada's breach of the Participating Carrier Agreement, Sabre has retained the law firm of Gibson, Dunn & Crutcher LLP to represent it in this action and

has agreed to pay said firm's reasonable attorney's fees.  Sabre is entitled to recover its reasonable attorney's from Air Canada pursuant to, *inter alia*, Texas Civil Practice and Remedies Code § 38.001 *et seq.*

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, Sabre asks that Air Canada be cited to appear and answer, and that Sabre have judgment against Air Canada for:

(1)     Damages within the jurisdictional limits of this Court;

(2)     Reasonable attorneys' fees;

(3)     Pre-judgment interest as provided by law;

(4)     Post-judgment interest as provided by law;

(5)     Costs of suit; and

(6)     All other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

DATE:  September 17, 2002

Respectfully submitted,

By: _____
John R. Crews
State Bar No. 00785529
Jon G. Shepherd
State Bar No. 00788402
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile:  (214) 698-3400

ATTORNEYS FOR PLAINTIFF SABRE INC.

50160876_1.DOC

**PLAINTIFF'S ORIGINAL COMPLAINT - Page 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SABRE INC.,

        Plaintiff,

v.

AIR CANADA INC.,

        Defendant.

CIVIL ACTION NO. _____

## CERTIFICATE OF INTERESTED PERSONS

Plaintiff Sabre Inc. ("Sabre"), pursuant to Local Rule 81.1(a)(D) and Local Rule 3.1(f)

hereby files this Certificate of Interested Persons.

The following persons or entities may have a financial interest in the outcome of this

case:

Sabre Inc.

Sabre Holdings Corp., a publicly traded company and parent of Sabre Inc.

Air Canada, Inc.

September 17, 2002.

Respectfully submitted,

By: _____
John R. Crews
State Bar No. 00785529
Jon G. Shepherd
State Bar No. 00788402
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 698-3400

ATTORNEYS FOR PLAINTIFF SABRE INC.