IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SABRE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3: 02CV2016-L |
| ) | |
| AIR CANADA, INC., ) | |
| ) | |
| Defendant. ) | |

## AIR CANADA'S ORIGINAL ANSWER

Air Canada, defendant in this case,[1] files this Original Answer to the Complaint of Sabre, Inc. ("Sabre"):

### JURISDICTION AND VENUE

1.   Air Canada admits that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332.

2.   Air Canada admits that this Complaint may be served upon Air Canada by and through service upon the Texas Secretary of State.

3.   Air Canada admits venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391, but moves to dismiss for forum non conveniens.[2]

### SABRE'S ALLEGATIONS

4.   Air Canada is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 6.

---

[1] The defendant in this case is formally registered in Canada as "Air Canada"—not "Air Canada, Inc."—as the plaintiffs have named in this action.

[2] By separate motion, Air Canada has moved to dismiss for forum non conveniens, or in the alternative, to stay this action under the doctrine of international abstention.

505921v1/229031                                Page 1 of 4

5.   Air Canada is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 7.

6.   Air Canada is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 8.

7.   Air Canada denies the allegation in paragraph 9.

8.   Air Canada denies the allegation in paragraph 10.

9.   Air Canada denies the allegation in paragraph 11.

10.   Air Canada reincorporates by reference paragraphs 1 through 9, above, as its answer to paragraph 12.

11.   Air Canada admits the allegations in paragraph 13.

12.   Air Canada denies the allegations contained in paragraph 14.

13.   Air Canada denies the allegation in paragraph 15.

14.   Air Canada denies the allegation in paragraph 16.

## AIR CANADA'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

15.   Sabre's Complaint fails to state facts sufficient to constitute a cause of action against Air Canada.

### SECOND AFFIRMATIVE DEFENSE
(Waiver)

16.   Through its actions and inaction with regard to the matters alleged in its Complaint, Sabre has waived its affirmative claim and any and all claims it might otherwise have had against Air Canada.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

17.     Sabre's purported cause of action is barred by reason of Sabre's laches in pursuing its claim.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

18.     Through its actions and inaction with regard to the matters alleged in its Complaint, Sabre is estopped from asserting its affirmative claim and any and all claims it might otherwise have had against Air Canada.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

19.     Sabre's purported cause of action is barred by reason of Sabre's unclean hands with regard to the matters contained in Sabre's Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Illegality)

20.     Sabre's purported cause of action is barred by reason of illegality with regard to the matters contained in Sabre's Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure of Consideration)

21.     Sabre's purported cause of action is barred by reason of failure of consideration with regard to the Agreement referenced in Sabre's Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

22.     Sabre's purported cause of action is barred by Sabre's failure to mitigate damages.

## **PRAYER**

Air Canada prays for judgment as follows:

a. That plaintiff Sabre take nothing by its complaint;

b. That Air Canada be awarded its costs and attorneys' fees necessitated in defending this suit; and

c. That Air Canada be awarded such other and further relief as this Court may deem proper.

**DATED:** October 16, 2002.

Respectfully submitted,

*Stephen D. Susman/eh*
Stephen D. Susman
State Bar No. 19521000
Harry P. Susman
State Bar No. 24008875
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

ATTORNEYS FOR DEFENDANT
AIR CANADA, INC.

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record, this 16th day of October, 2002, as indicated below:

John R. Crews
Jon G. Shepherd
Gibson, Dunn & Crutcher LLP
2100 McKinney Ave., Suite 1100
Dallas, TX 75201
(214) 698-3400 FAX

*Harry P. Susman/eh*
Harry P. Susman