ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 12 2002

CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SABRE INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-02-CV-2016-L |
| | § | |
| AIR CANADA, INC. | § | |
| | § | |
| Defendant. | § | |



### ORDER

Plaintiff Sabre Inc. has filed a motion to reset the briefing schedule on defendant's motion to dismiss for *forum non-conveniens* or, alternatively, to stay on grounds of international abstention. Defendant's motion, filed on October 16, 2002, was referred to U.S. Magistrate Judge Jeff Kaplan on November 1, 2002. Thereafter, the magistrate judge issued a briefing schedule requiring plaintiff to file a response to the motion by November 18, 2002 and allowing defendant until December 3, 2002 to file a reply. *See* ORDER, 11/4/02. In an attempt to expedite consideration of defendant's motion, plaintiff filed its response on November 5, 2002--nearly two weeks before the deadline in the briefing schedule. Plaintiff now wants the court to accelerate the deadline for defendant to file a reply so the underlying motion can be determined "as expeditiously as possible."

In view of the fact that plaintiff has already responded to defendant's motion to dismiss or to stay, there is no reason why defendant should not be required to file a reply by November 25, 2002 as requested by plaintiff. *See* LR 7.1(f) ("Unless otherwise directed by the presiding judge, a party who has filed an opposed motion may file a reply brief within 15 days from the date the

response is filed."). Indeed, the current briefing schedule sets a reply deadline of December 3, 2002--15 days after plaintiff's response was originally due. This deadline is hereby accelerated to **November 25, 2002.**

The court will schedule the motion for oral argument after the parties submit their briefs.[1]

SO ORDERED.

DATED: November 12, 2002.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] If the parties are truly interested in having this preliminary jurisdictional matter resolved on an expedited basis, they may consent to have the magistrate judge make a final ruling on defendant's motion to dismiss or to stay pursuant to 28 U.S.C. § 636(c). Absent consent, the magistrate judge can only issue a report and recommendation which is subject to a *de novo* review by the district judge.