IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SABRE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3: 02CV2016-L |
| | § | |
| AIR CANADA, INC., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S BRIEF IN SUPPORT OF ITS
### EMERGENCY MOTION FOR CONTINUANCE TO RESPOND TO
### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, Air Canada, files this Brief in Support of its Emergency Motion for Continuance to Respond to Plaintiff's Motion for Partial Summary Judgment.

### REASON FOR MOTION

Sabre's Motion for Partial Summary Judgment ("Motion for Summary Judgment") is a tactical ploy. Currently pending before Judge Jeff Kaplan is Air Canada's Motion to Dismiss for Forum Non Conveniens, or, in the Alternative, to Stay on Grounds of International Abstention ("Motion to Dismiss"). Depending on the outcome of that motion, this entire action may be dismissed or stayed pending resolution of a parallel case currently pending in the Superior Court of Québec. In an effort to force this case forward before Judge Kaplan can rule, Sabre hopes to get this Court to rule on its summary judgment motion. This Court should reject such gamesmanship and postpone consideration of Sabre's motion until after Judge Kaplan rules on Air Canada's Motion to Dismiss.

### STATEMENT OF THE CASE

This case is one of two parallel actions involving the underlying dispute between Sabre and

DEFENDANT'S BRIEF IN SUPPORT OF ITS EMERGENCY
MOTION FOR CONTINUANCE TO RESPOND TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

508702v1/006193



Air Canada. On September 17, 2002, in the midst of negotiations over a Sabre Participating Carrier Distribution and Services Agreement ("PCA"), Sabre silently filed its bare-bones complaint in this Court. Sabre's complaint even failed to specify what material breach Air Canada allegedly committed. *See* Sabre Complaint ¶ 14. After filing, Sabre silently sat on its complaint and feigned good faith discussions with Air Canada. In the meantime, Air Canada realized that Canadian regulations were at issue in the underlying case, so on September 25, 2002, Air Canada brought an Article 453 Motion for Declaratory Judgment in the Superior Court of Québec, District of Montreal (the "Art. 453 Motion").[1] The very next day, Air Canada faxed a courtesy copy of its Art. 453 Motion to Sabre's Texas office and served Sabre in Ontario pursuant to Canadian rules. Immediately after receiving a courtesy copy of Air Canada's Québec action, Sabre unsheathed its skeletal complaint in this Court and served Air Canada.

On October 16, 2002, Air Canada filed its Motion to Dismiss in this Court because this controversy should be adjudicated in the Superior Court of Québec. Air Canada also answered Sabre's skeletal complaint to the best of its ability. *See* Air Canada Answer. On November 1, 2002, this Court referred Air Canada's Motion to Dismiss to Magistrate Judge Jeff Kaplan. On November 4, 2002, Judge Kaplan entered a scheduling order for determination of Air Canada's Motion to Dismiss. *See* Order of Judge Kaplan of 11/4/02. Under Judge Kaplan's order, briefing on the motion to dismiss will be completed by December 3, 2002. Judge Kaplan has further granted Air Canada's request for oral argument, to be scheduled after the parties have submitted their briefs.

Notwithstanding Judge Kaplan's scheduling order, Sabre filed its Motion for Summary

---

[1] Article 453 of the Code of Civil Procedure of the Province of Québec is a unique expedited procedural device under which parties to a controversy may get a judicial declaration of their rights and responsibilities under a contract or statute as quickly as possible. *See* Motion to Dismiss, Lefebvre Affidavit ¶ 6 (Exhibit F).

DEFENDANT'S BRIEF IN SUPPORT OF ITS EMERGENCY
MOTION FOR CONTINUANCE TO RESPOND TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

508702v1/006193                     Page 2 of 7

Judgment on November 5. Sabre has also filed a Motion to Reset the Briefing Schedule to retract Judge Kaplan's scheduling order. *See* Plaintiff Sabre Inc.'s Motion to Reset Briefing Schedule.

## ARGUMENT

### A. SABRE IS MISUSING RULE 56 FOR PROCEDURAL ADVANTAGE

Sabre's motion is a blatant tactical ploy. As will become apparent when and if the Court reaches the merits, this is hardly a dispute eligible for summary disposition. Sabre was unable in its complaint to even specify the material breach allegedly committed by Air Canada. Worse, Sabre's summary judgment motion is premised in part on handwritten language allegedly inserted into a form contract and that does not appear on Air Canada's copy of the contract. *See* Motion for Summary Judgment at 3, 7; Sabre's Appendix in Support of Motion for Summary Judgment at 35. In reality, Sabre is seeking to use a hopeless summary judgment motion to gain an advantage in the brewing forum dispute.

Sabre's Brief opposing Air Canada's Motion to Dismiss puts this tactical maneuvering into its real light:

> With Sabre's filing of its Motion for Partial Summary Judgment, the contractual issues before this Court are well on their way to resolution. This Court already is considering both the propriety of maintaining this action in Texas and the merits.

Sabre Opp. Brief at 6. Sabre's misuse of Rule 56 imposes unnecessary expense and wastes Air Canada's and this Court's time.

### B. SABRE'S MOTION WASTES JUDICIAL RESOURCES.

If this Court decides Sabre's Motion for Summary Judgment, Air Canada's meritorious Motion to Dismiss will become moot. The ultimate issue in a forum non conveniens analysis is where the case should be tried in order to best serve the convenience of the parties and the interests of justice. *Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947); *Syndicate*

DEFENDANT'S BRIEF IN SUPPORT OF ITS EMERGENCY
MOTION FOR CONTINUANCE TO RESPOND TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

508702v1/006193                              Page 3 of 7

*420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986). Sabre's current tactic would leave meaningless the doctrines of forum non conveniens and international abstention. This Court has referred Air Canada's Motion to Dismiss to Judge Kaplan for the considered deliberation of the parties' contentions. But Sabre would rather short-circuit this process.

Given the procedural posture of this case, Sabre's current attempt to force a decision on the merits—which it will no doubt trumpet to the Québec court—is an unduly combative and abusive litigation tactic. *See Dondi Properties Corp. v. Protective Life Ins. Co.*, 121 F.R.D. 284, 286-88 (N.D. Tex. 1988). Sabre is wasting judicial resources and forcing Air Canada to shoulder uncalled-for attorneys fees and costs in trying to keep up with Sabre's antics.

### C. SABRE IS ABUSING THE LIBERAL PLEADING RULES

Sabre is using the liberal pleading rules and the Local Rules, which prohibit motions for more definite statement, to sandbag Air Canada. Sabre's complaint failed even to allege *what* material took place. Fifth Circuit law is well-established that "a complaint, which contains a 'bare bones' allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Beana v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (*citing Walker v. South Cent. Bell Tel. Co.*, 904 F.2d, 275, 277 (5th Cir.1990)). Under the circumstances, the usual remedy for parties confronting ambiguous complaints is a motion for a more definite statement under Rule 12(e). *Beana*, 197 F.3d at 164. However, the Local Rules of this judicial district preclude such a motion, forcing parties to rely on discovery procedures instead. N.D. TEX. LOC. R. 12.1 ("[A] motion for more definite statement may only be filed where the information sought cannot be obtained by discovery.").

The first time that Sabre concretely articulated the substance of its complaint to Air Canada was on November 5, in its Motion for Summary Judgment. Now, Air Canada has a mere twenty

days to respond before this multi-million dollar case is resolved on the merits. This is an unfair abuse of the liberal pleading rules.

D.     IF THIS CASE PROCEEDS IN TEXAS, SUMMARY JUDGMENT IS INAPPROPRIATE

Even if this case eventually proceeds in Texas, summary judgment is far from appropriate at this stage. Summary judgment should be entered against a party who does not raise a genuine issue of material fact after that party has had a *"full opportunity to conduct discovery."* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986) (emphasis added); see also Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) ("Rule 56 mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case.") (internal quotations omitted) (emphasis added). Sabre cannot have it both ways: it wants the benefit of the liberal pleading requirements of the Federal Rules *and* it wants to prevent Air Canada from any factual investigation.[2] "When a party is not given a full and fair opportunity to discover information essential to its opposition to summary judgment, the limitation on discovery is reversible error." *Access Telecom, Inc. v. MCI Telecom. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999). While Sabre claims the various agreements are unambiguous, this does not mean discovery is irrelevant or unnecessary. At a minimum, discovery concerning the circumstances surrounding execution of a contract is always admissible to determine whether a contract is unambiguous. *Airmark, Inc. v. Advanced Systems, Inc.*, 715 F.2d 229, 230 (5th Cir. 1983) (recognizing that under Texas law, evidence of

---

[2] At this time, Air Canada is not seeking a Rule 56(f) continuance, the usual safeguard against a premature or improvident grant of summary judgment. *See Brown v. Miss. Valley State Univ.*, No. 01-60408, 2002 WL 31355002, *3 & fn.5 (5th Cir. Oct. 23, 2002) (citations omitted). Instead, Air Canada seeks a continuance to address Sabre's Motion for Summary Judgment until *after* Air Canada's Motion to Dismiss is decided. If this Court determines that this controversy should be decided in Québec, then that tribunal should reach the underlying merits of Sabre's claims.

DEFENDANT'S BRIEF IN SUPPORT OF ITS EMERGENCY
MOTION FOR CONTINUANCE TO RESPOND TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

508702v1/006193                  Page 5 of 7

surrounding circumstances may be consulted to determine whether a writing is unambiguous); *Hollomon v. O. Mustad & Sons (USA), Inc.*, 196 F. Supp. 2d 450, 454 (E.D. Tex. 2002) ("[E]vidence of the circumstances surrounding the execution of a contract is *always* admissible.") (emphasis added). Numerous other reasons justify discovery *if* this case continues in Texas, but the bottom line remains the same: Rule 56 summary judgment now is untimely given Air Canada's pending Motion to Dismiss.

## CONCLUSION

Sabre's procedural gamesmanship is transparent. It started with Sabre's deficient complaint, an obvious attempt to secure "first-filed" status. Now, Sabre files a premature Motion for Partial Summary Judgment to sidestep Judge Kaplan's determination of Air Canada's Motion to Dismiss. Sabre should not be encouraged in this endeavor. Air Canada respectfully requests this Court to continue this matter and grant Air Canada twenty (20) days from the date of disposition of Air Canada's Motion to Dismiss to respond to Sabre's Motion for Summary Judgment.

DATED: November  11 , 2002.

                Respectfully submitted,

                *Stephen D. Susman* by *SH*
                Stephen D. Susman (S.B.N. 19521000)
                1000 Louisiana Street, Suite 5100
                Houston, Texas 77002-5096
                Telephone: (713) 651-9366
                Fax:  (713) 654-6666

                ATTORNEYS FOR DEFENDANT
                AIR CANADA

DEFENDANT'S BRIEF IN SUPPORT OF ITS EMERGENCY
MOTION FOR CONTINUANCE TO RESPOND TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

508702v1/006193                    Page 6 of 7

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing instrument has been served by facsimile on the following counsel of record, this __12th__ day of November, 2002, as indicated below:

John R. Crews                                                             (214) 698-3400 FAX
Jon G. Shepherd
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Ave., Suite 1100
Dallas, TX 75201

                                                 _/s/ Harry P. Susman by St_
                                                 Harry P. Susman

**DEFENDANT'S BRIEF IN SUPPORT OF ITS EMERGENCY**
**MOTION FOR CONTINUANCE TO RESPOND TO**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

508702v1/006193                        Page 7 of 7