IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

NOV 1 4 2002

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

SABRE INC.,

        Plaintiff,

v.

AIR CANADA INC.,

        Defendant.

CIVIL ACTION NO. 3:02CV2016-L

## JOINT STATUS REPORT

Pursuant to the Court's order dated October 18, 2002, Plaintiff Sabre Inc. ("Sabre") and Defendant Air Canada provide the following Status Report following the Rule 26 conference between the Parties on November 1, 2002.

**Introductory Statement:** The parties respectfully request that the Court allow the parties to defer proposing a discovery plan at this time. As the Court is aware, Air Canada has filed a Motion to Dismiss for Forum Non Conveniens, or, in the Alternative, to Stay on Grounds of International Abstention. Additionally, Sabre recently has filed a Motion for Partial Summary Judgment, and Air Canada has filed an Emergency Motion for Continuance to Respond to Sabre's summary judgment motion. Because the granting of any of these motions would significantly affect discovery, the parties suggest that a discovery plan be deferred until, at the very least, the Court rules on Air Canada's Motion to Dismiss. However, subject to the Court's approval, the parties agree that they will, should the Court deny Air Canada's Motion to Dismiss, confer and submit a proposed discovery plan to the Court within fourteen days following their receipt of the Court's order.

Joint Status Report – Page 1



1.      **A brief statement of the nature of the case, including the contentions of the parties.**

This is a suit arising out of a dispute with regard to a contract between the parties.

Sabre contends that Air Canada entered into a Sabre Participating Carrier Distribution and Services Agreement ("the PCA") in 1990. Pursuant to the PCA, Air Canada is required to supply information concerning its flights to Sabre, to make available to Sabre the schedule and availability display used by Air Canada's reservations personnel, and to make available to Sabre functions of Air Canada's internal reservation system, including the ability to sell all seats on all Air Canada flights. Air Canada has breached the PCA by refusing to (1) supply to Sabre information concerning its "Tango"-branded flights, (2) make available the schedule and availability display used by Air Canada's reservations personnel with respect to its "Tango"-branded flights, and (3) make available the functions of Air Canada's internal reservation system, including the ability to sell all seats on its "Tango"-branded flights. Consequently, Air Canada is, among other things, depriving Sabre of significant fees that it is otherwise entitled to earn under the express terms of the PCA.

Air Canada contends that under the PCA, Sabre agreed to maintain and operate a Global Distribution System ("GDS"), to process bookings created by its subscribers on Air Canada flights, and to exercise its best efforts to process those transactions. Moreover, Sabre agreed to maintain the GDS in accordance with all applicable GDS rules, including the Canadian Computer Reservation Systems Regulations. Consistent with the PCA, Canadian Regulations, and the parties' relationship, Air Canada is not obligated to provide *all* of its seat inventory to GDS operators; instead, any inventory provided to one GDS operator must be provided to the others. Air Canada agreed to coordinate its reservations services with Sabre's GDS to the extent

Joint Status Report – Page 2

that it provided the same reservation services to other GDS operators.  Since execution of the PCA and at all relevant times, Air Canada has met its contractual and regulatory obligations by providing its seat inventory to Sabre on a non-discriminatory basis.

**2.      Any challenge to jurisdiction or venue.**

Air Canada has admitted that this Court has subject matter jurisdiction over this action and that venue is proper in this district.  However, Air Canada has filed a Motion to Dismiss for Forum Non Conveniens, or, in the Alternative, to Stay on Grounds of International Abstention.

**3.      Any pending or contemplated motions and proposed time limits for filing motions.**

As noted above, Air Canada has filed a Motion to Dismiss.  Sabre has filed a Motion for Partial Summary Judgment as to Air Canada's liability for breach of contract.  Air Canada has further filed an Emergency Motion for Continuance to Respond to Plaintiff's Motion for Partial Summary Judgment.  The parties respectfully request that proposed time limits for other motions be deferred pending rulings on the pending motions.

**4.      Any matters which require a conference with the Court.**

The Parties are not aware of any matters which require a conference with the Court at this time.

**5.      Likelihood that other parties will be joined.**

The parties at this time do not anticipate that any other parties will be joined.

**6.      (a) An estimate of the time needed for discovery with reasons.**  As noted above, the parties respectfully request that the Court allow the parties to defer proposing a discovery plan at this time.  Once discovery commences, the parties agree to conduct discovery as permitted by the Federal Rules of Civil Procedure, without any modification to the discovery limitations provided under the rules.

Joint Status Report – Page 3

Once discovery commences, and depending on the issues remaining in the case, Plaintiff Sabre anticipates the time needed for fact discovery to be three months or less. Defendant Air Canada believes six months will be necessary to complete fact discovery. Sabre believes that expert discovery will be minimal, or perhaps not necessary at all, and Air Canada believes that expert discovery may be required. Assuming that expert discovery will be required, the parties agree that an additional two months will be needed.

**(b) A specification of the discovery contemplated.** The Parties agree that discovery in this case should include all discovery authorized by the Federal Rules of Civil Procedure, including (i) disclosures; (ii) interrogatories, requests for production and requests for admission; and (iii) depositions. In the event that Sabre's motion for partial summary judgment is granted, Sabre anticipates that minimal discovery will be required on the issues of damages and attorney's fees.

**(c) Limitations, if any, that should be placed on discovery.** The Parties agree that the limitations on discovery provided for under the Federal Rules of Civil Procedure are sufficient.

**7.** ***Dondi* and Civil Justice and Delay Reduction Plan**

By their signatures below, counsel for the parties confirm that they have read *Dondi*, 121 F.R.D. 284 (N.D. Texas 1988) and that counsel have read and are familiar with the District's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.

**8.** **Requested trial date, estimated length of trial and whether a jury has been demanded.**

The Parties agree that the trial of this case can reasonably be expected to take four days and that a jury has been demanded. The parties have not requested a trial date at this time given the pending motions.

Joint Status Report – Page 4

9. **Whether the parties will consent to trial before United States Magistrate Judge Jeff Kaplan per 28 U.S.C. Section 636(c).**

   At this time, the parties do not consent to trial before Magistrate Judge Kaplan.

10. **Prospects for settlement and status of any settlement negotiations.**

   The parties discussed settlement of the dispute underlying this litigation before litigation was filed, and they were unable to resolve the dispute. No settlement negotiations are ongoing.

11. **Whether the parties will agree to mediation or to other alternative dispute resolution and when it would be most effective (before discovery, after limited discovery or at the close of discovery).**

   The Parties agree to mediation and believe it would be most effective prior to the commencement of discovery.

12. **Any other matters relevant to the status and disposition of this case.**

   The court in the proceeding initiated by Air Canada in the Superior Court of Quebec in the District of Montreal has granted Sabre permission to seek to dismiss or stay that proceeding in favor of this proceeding. Air Canada intends to oppose any effort to have the Canadian proceeding dismissed or stayed.


_____
Counsel for Plaintiff, Jon G. Shepherd

_____
Counsel for Defendant, Harry P. Susman

11/14/02
_____
Date

6/13/02
_____
Date

Joint Status Report – Page 5