

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SABRE INC., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 3:02CV2016-L |
| AIR CANADA INC., | |
| Defendant. | |

### AGREED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above-captioned action, subject to the approval of the Court, as follows:

1. "Confidential Information," as used herein, means any information of any type, kind or character that is designated as "Confidential" or "Highly Confidential" by either the supplying or receiving party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. Such materials and information derived therefrom are referred to collectively herein as "Confidential Information" unless the context requires that "Confidential" and "Highly Confidential" Information be distinguished one from the other. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains confidential or proprietary information, or as "Highly Confidential" to the extent that counsel in good faith believes that such confidential or proprietary information is so competitively sensitive that it cannot be disclosed to certain representatives of the adverse party. All Confidential Information produced or

exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

    2.    Confidential Information designated "Confidential" may be disclosed or otherwise made available only to the following categories of persons:

    (a)    Counsel of record for the parties in this litigation and employees or agents of such counsel to whom it is reasonably necessary that the material be shown for purposes of this litigation;

    (b)    The parties to this litigation and their officers or employees whose access is necessary for purposes of preparation, discovery, pretrial proceedings, trial, mediation, appeal, settlement or administration of this litigation; <u>provided</u> that such persons are provided with a copy of this Agreed Protective Order and agree, in writing, to be bound thereby with respect to the treatment of Confidential Information;

    (c)    Independent outside experts or consultants retained by counsel of record in connection with the preparation for trial and trial of this litigation; <u>provided</u> that such expert(s) or consultant(s) are provided with a copy of this Agreed Protective Order and agree, in writing, to be bound thereby with respect to the treatment of Confidential Information and <u>provided</u> that such expert(s) or consultant(s) are neither employed by nor currently engaged to advise or consult with a direct competitor of the opposing party in this litigation and that such expert(s) or consultant(s) have not been so employed or engaged for two years prior to their retention in this litigation;

    (d)    Witnesses, in preparation for or during testimony provided in this litigation; <u>provided</u> that such witnesses are provided with a copy of this Agreed

**AGREED PROTECTIVE ORDER**    p. 2
DA_50166877_2.DOC

Protective Order and agree, in writing, to be bound thereby with respect to the treatment of Confidential Information;

(e) Court reporters, stenographers or video operators retained by counsel of record in connection with discovery or court proceedings in this litigation at which Confidential Information is disclosed;

(f) Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Information designated "Confidential," to the extent reasonably necessary to assist a party to this litigation or counsel;

(g) This Court, and its employees to whom it is reasonably necessary that the material be shown for purposes of this litigation; and

(h) If this Court so elects, any other person designated by order of this Court, after notice and hearing to all parties.

3. Confidential Information designated "Highly Confidential" may be disclosed or otherwise made available only to the following categories of persons:

(a) Counsel of record for the parties in this litigation and employees or agents of such counsel to whom it is reasonably necessary that the material be shown for purposes of this litigation;

(b) No more than two in-house counsel for the respective parties whose names have been disclosed in advance to the producing party making the designation and who have been provided with notice that the information being disclosed is Highly Confidential information; provided that such in-house counsel are provided with a copy of this Agreed Protective Order and agree, in writing, to be bound thereby

with respect to the treatment of the Highly Confidential information;

(c)   No more than five independent outside experts or consultants retained by counsel of record in connection with the preparation for trial and trial of this litigation; **provided** that such expert(s) or consultant(s) are provided with a copy of this Agreed Protective Order and agree, in writing, to be bound thereby with respect to the treatment of Highly Confidential Information and **provided** that such expert(s) or consultant(s) are neither employed by nor currently engaged to advise or consult with a direct competitor of the opposing party in this litigation and that such expert(s) or consultant(s) have not been so employed or engaged for two years prior to their retention in this litigation;

(d)   Witnesses, in preparation for or during testimony provided in this litigation; **provided** that such witnesses created the Confidential Information or had access to the Confidential Information in the ordinary course of business and **provided** that such witnesses are provided with a copy of this Agreed Protective Order and agree, in writing, to be bound thereby with respect to the treatment of Confidential Information;

(e)   Court reporters, stenographers or video operators retained by counsel of record in connection with discovery or court proceedings in this litigation at which Highly Confidential Information is disclosed;

(f)   Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Information designated "Highly Confidential," to the extent reasonably necessary to assist a party to this litigation or counsel;

(g)   This Court, and its employees to whom it is reasonably necessary

that the material be shown for purposes of this litigation; and

(h) If this Court so elects, any other person designated by order of this Court, after notice and hearing to all parties.

4. Such Confidential Information shall not be disclosed or made available by the receiving party to persons other than the categories of persons set forth in paragraphs 2 and 3 above. The party receiving Confidential Information designated as "Confidential" or "Highly Confidential" shall obtain the written agreement of each person described in subparagraphs 2(b), (c), and (d), and 3(b), (c), and (d), who receive Confidential Information to be bound by the terms of this Agreed Protective Order in the form of a Confidentiality Agreement attached hereto as Exhibit A. The originals of all such Confidentiality Agreements shall be retained by the receiving party's counsel until thirty (30) days after which Confidential Information must be returned pursuant to paragraph 17 of this Agreed Protective Order.

5. Documents produced in this action may be designated by any party or parties as "Confidential" or "Highly Confidential" information by marking or stamping each page of the document(s) so designated as "Confidential" or "Highly Confidential." Documents produced in this action by a non-party may be designated by any party, parties or non-party as "Confidential" or "Highly Confidential" by notification to all counsel of record of such designation in writing. With respect to Confidential Information in computerized or electronic format, recipients may be informed in writing of its appropriate designation, and the recipient shall treat print-outs of such material in accordance with the terms of this Agreed Protective Order.

6. Information disclosed at (a) the deposition of a party or one of its

present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated, on the record of the deposition, by any party as "Confidential" or "Highly Confidential" and is subject to the provisions of this protective order.

7. Any party may also designate information disclosed at such a deposition as "Confidential" or "Highly Confidential" by notifying all parties in writing, within thirty (30) days after receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "Confidential" or "Highly Confidential" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control. Until the thirty-day time period expires, the entire volume of deposition transcripts shall be treated as Confidential Information unless otherwise specified in writing or on the record of the deposition.

8. Documents unintentionally produced without designation may be designated retroactively, in writing, by Bates number after production of such documents and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

9. The production or disclosure of any material that is privileged, immune or otherwise protected from discovery shall not constitute a waiver of the producing party's right to claim that privilege, immunity, or protection, provided that the producing party notify the party to whom the material has been produced, in writing, within fourteen (14) days of the producing party's discovery of the production. Upon

such notice, the party to whom the material has been produced will return such material, and all copies thereof, to the producing party.

10. Nothing herein shall prevent disclosure beyond the terms of this protective order if each party designating the information "Confidential" or "Highly Confidential" consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing otherwise admissible "Confidential" or "Highly Confidential" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the information, irrespective of which party produced such information.

11. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Highly Confidential," or the designation of any person as a person categorized in paragraphs 2(a)-(h) and/or 3(a)-(h), the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may invoke this Agreed Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "Highly Confidential" or designated a person as a person categorized in paragraphs 2(a)-(h) and/or 3(a)-(h) to receive Confidential Information. Within five (5) business days of receipt of a written objection to a particular designation, the designating party shall, if it wishes to adhere to its designation, give written notice of its adherence to the designation. Thereafter, upon no fewer than ten (10) days' notice, any party contesting such designation may, upon motion made to the Court on notice to all parties, seek an order

directing that such information shall not be treated as "Confidential" or "Highly Confidential" Information pursuant to this Agreed Protective Order, or that such person shall not be designated as a person categorized in paragraphs 2(a)-(h) and/or 3(a)-(h) to receive Confidential Information. Pending determination of such motion, any information previously designated as "Confidential" or "Highly Confidential" shall continue to be treated in accordance with its original designation.

12. In the event that any Confidential Information is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition, transcript, or other paper filed with the Clerk of this Court, the Confidential Information shall be filed and kept under seal by the clerk until further Order of this Court; provided, however, that the paper shall be furnished to the Court and attorneys for the parties and a duplicate copy with the Confidential Information deleted will be placed in the public record with an appropriate designation of the omitted confidential material. This Agreed Protective Order shall constitute an order directing the Clerk to file the Confidential Information described in this paragraph under seal, as contemplated by Local Rule 79.3(a)(2) of the Northern District of Texas.

13. Notwithstanding any other provision contained herein, a party may use Confidential Information for any purpose in the trial of this action provided that counsel for the party who designated such material as confidential is given reasonable opportunity prior to the time of such proposed use to seek a Court order protecting the confidential status of such material.

14. This Agreed Protective Order shall have no effect on the admissibility or discoverability of any Confidential Information.

15. This Agreed Protective Order or the existence of such shall not be offered or admitted into evidence at trial in this litigation, or argued to any jury in this litigation or otherwise disclosed to such jury. Similarly, the failure of a party to object to the designation of Confidential Information shall not be argued or accepted as an admission that such information is in fact entitled to treatment as Confidential Information. All Confidential designations made pursuant to paragraph 5 herein shall be removed from documents or other materials prior to the offer or introduction of such into evidence at any trial in this litigation.

16. Unless otherwise agreed in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Agreed Protective Order.

17. Any party served with a subpoena or other notice compelling production of Confidential Information shall give prompt written notice sufficiently in advance of the requested production date to the counsel of the party who designated the material, such that the party shall have an opportunity to object to production. Any production as required by subpoena shall not be deemed a violation of this Agreed Protective Order if such timely written notice was provided to the designating party.

18. Within ninety (90) days after final resolution of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any person categorized in paragraphs 2(a)-(h) and/or 3(a)-(h) herein shall be returned to the producing party upon request, except as this Court may otherwise order or to the extent such information has become part of the record in this litigation or was used as evidence at trial.

19.  The parties agree to seek approval of the Court with respect to this Agreed Protective Order. Notwithstanding the pendency of approval by the Court, this Agreed Protective Order shall become effective among the parties who have executed this agreement immediately upon its execution. If approval by the Court is ultimately denied, no party shall treat any Confidential Information produced prior to that time other than as provided for herein.

20.  This Agreed Protective Order may be exercised in counterparts.

SIGNED ~~AND ENTERED~~ this 30TH day of JANUARY, 2003.

_____
JUDGE PRESIDING

AGREED TO:

By: *[signature: Suyash Agrawal]*
Stephen D. Susman
State Bar No. 19521000
Harry P. Susman
State Bar No. 24008875
Suyash Agrawal
State Bar No. 24036110

SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Telephone:    (713) 651-9366
Telecopy:     (713) 654-6666

ATTORNEYS FOR DEFENDANT AIR CANADA, INC.

By: *[signature: Sarah D Rentzel]*
John R. Crews
State Bar No. 00785529
Jon G. Shepherd
State Bar No. 00788402
Sarah Donch Rentzel
State Bar No. 24002003

GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201-6911
Telephone:    (214) 698-3100
Telecopy:     (214) 698-3400

ATTORNEYS FOR PLAINTIFF SABRE INC.

# EXHIBIT A

## AGREEMENT TO BE BOUND BY AGREED PROTECTIVE ORDER

1.    I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Agreed Protective Order governing the production and use of Confidential and Highly Confidential Information in the matter of Sabre Inc. v. Air Canada Inc., Civil Action No. 3-02CV2016-L in the United States District Court for the Northern District of Texas, Dallas Division ("the Court").

2.    I have read the Agreed Protective Order and understand the terms of said Agreed Protective Order.

3.    I agree to be fully bound by the Agreed Protective Order, and I hereby submit to the non-exclusive jurisdiction of the Court for purposes of enforcement of the Agreed Protective Order. I understand that violation of the Agreed Protective Order shall be subject to an appropriate remedy, including, but not limited to, an award of damages or injunctive relief.

DATED: _____, 200\_

Name (Printed): _____

Title & Company: _____